## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **CEDRIC LOVELLE GRAY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:12-00262** |
| ) | **(Criminal No. 5:01-00004)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on November 12, 2009.[1] (Document No. 763.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 765.)

## FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2001, Movant pled guilty to one count of distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 12.). (Criminal Action No. 5:01-00004, Document Nos. 264 - 266.) Movant was sentenced on August 6, 2001. (Id., Document Nos. 375 and 376.) The District Court ordered that Movant serve a 216-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 376.) The District Court also imposed a $100 special assessment. (Id.)

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On August 17, 2001, Movant filed a Notice of Appeal. (Id., Document No. 384.) In his appeal, Movant argued that the District Court erred by (1) applying a two-point enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1), and (2) applying a four-point enhancement for Movant's role as a leader or organizer for a criminal activity that involved five or more participants pursuant to U.S.S.G. § 3B1.1(a). On August 30, 2002, the Fourth Circuit Court of Appeals affirmed Movant's sentence. United States v. Gray, 43 Fed.Appx. 703 (4th Cir. 2002). Movant did not file a petition for certiorari in the United States Supreme Court.

On April 14, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Criminal Action No. 5:01-00004, Document No. 658.) By Order entered on March 16, 2009, the District Court designated Movant for standard considered and appointed counsel. (Id., Document No. 726.) The United States filed its Response to Movant's Motion on December 8, 2009. (Id., Document No. 727.) Movant, by counsel, filed his Memorandum on January 7, 2010. (Id., Document No. 730.) By Memorandum Opinion and Judgment Order entered on January 19, 2010, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 731.) The District Court reduced Movant's sentence to "a period of 175 months, with credit for time served to date." (Id..)

On July 8, 2011 and November 4, 2011, Movant filed additional Motions for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense. (Id., Document No. 742 and 747.) By Order entered on December 1, 2011, the District Court designated Movant for standard

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

considered and appointed counsel. (Id., Document No. 748.) The United States filed its Response to Movant's Motion on December 6, 2011. (Id., Document No. 749.) Movant, by counsel, filed his Memorandum on December 12, 2011. (Id., Document No. 753.) Counsel acknowledged that the application of the Guidelines as revised in 2011 resulted in the same sentencing range and Movant was not eligible to receive a reduction in his sentence. (Id.) Movant, acting *pro se*, filed additional letter-form Motions requesting a reduction in his sentence. (Id., Document Nos. 754 - 758.) By Memorandum Opinion and Judgment Order entered on January 20, 2012, the District Court denied Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 760.)

On January 25, 2012, the District Court notified Movant of its intention to re-characterize three of his letter-form Motions for Retroactive Application of Sentencing Guidelines as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). (Id., Document No. 761.) Specifically, the District Court stated that "[t]he last three letters, Docket 756, 757, and 758, appear identical, and they raise the issue of whether Defendant's criminal history was appropriately calculated at his original sentencing hearing." (Id.) The District Court, therefore, ordered as follows:

> Defendant is **ORDERED** to file a response to this Notice within thirty days. Such response shall clearly state whether or not Defendant objects to the Court's recharacterization of the criminal history argument as a motion brought pursuant to 28 U.S.C. § 2255. If Defendant does object, he shall also state whether he wishes to withdraw the argument or amend it, and if the latter, he shall file such amendment alongside the response. If Defendant does not object to the recharacterization, nothing more is required. If no response is received by March 1, 2012, Defendant will be deemed to acquiesce in the recharacterization.

(Id.)[3]

---

[3] Movant dated the three letters December 27, 2011, and they were filed on January 12, 2012. (Document Nos. 756, 757 and 758.)

On February 8, 2012, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Id., Document No. 763.) Movant noted that he was filing his Section 2255 Motion in response the District Court's Order dated January 25, 2012. (Id., p. 1.) As grounds for *habeas* relief, Movant first alleges that he was improperly assessed with two criminal history points for committing the offense of conviction while on bond for charges that have since been dismissed in State Court. (Id., p. 2.) Movant explains that "all pending state/county warrants, detainers and/or cases were not dismissed until August 30, 2001 – 17 days after sentencing occurred for his federal conviction." (Id.) Movant, therefore, contends that his criminal history category should be reduced. (Id.) Next, Movant contends that "[i]n light of the even more recent changes to the Guidelines, the defendant may also be eligible for relief pursuant to the Fair Sentencing Act of 2010, which narrowed the ratio between cocaine and crack to 18:1." (Id.) Third, Movant contends that "[w]hile defendant concedes that he either aided or abetted someone, or dealt as a solo dealer, defendant alleges that a four (4) point enhancement for leadership role was unjust" and trial counsel was ineffective in failing to challenge such an enhancement.[4] (Id., pp. 3 - 4.) Finally, Movant claims that trial counsel was ineffective "for

---

[4] The undersigned finds that Movant's above claim is procedurally barred. In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), *cert. denied*, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." In his appeal, Movant argued that "the district court erred in its assignment of a four-point enhancement for Gray's role as a leader or organizer of a criminal activity that involved five or more participants." *United States v. Gray*, 43 Fed.Appx. 703 (4th Cir. 2002). In his Section 2255 Motion, Movant contends that "[w]hile defendant concedes that he either aided or abetted someone, or dealt as a solo dealer, defendant alleges that a four (4) point enhancement for leadership role was unjust" and trial counsel was ineffective in failing to challenge such an enhancement. (Document No. 763, pp. 3 - 4.) Movant's claim that trial counsel failed to properly challenge the four point enhancement is a "thinly-disguised attempt" to recast a claim fully considered and rejected on appeal. *See Yates v. United States*, 2011WL 4949655, * 8 (N.D.W.Va. May 3, 2011)(finding that "Petitioner's claim that appellate

4

not challenging the crack guidelines now ruled unconstitutional by Congress." (Id., p. 4.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

---

counsel was ineffective for not raising the *Chambers* case to challenge the consideration of his prior conviction for escape in determining his career offender status is a thinly-disguised attempt to re-litigate what has already been repeatedly considered and rejected, not only by this Court at sentencing, the Fourth Circuit Court of Appeals, but also the U.S. Supreme Court in his petition for writ of certiorari.") Specifically, the Fourth Circuit stated as follows:

> Our review of the record supports the court's finding that there were at least five participants involved in the distribution scheme. Additionally, although the scheme was a loosely organized cooperative venture between several narcotics dealers, it is clear from the record that Gray played a central role in the scheme, with other participants regularly referring customers to Gray. Consequently, it was not plain error for the district court to assign the four-point enhancement.

*Gray*, 43 Fed.Appx. at 704. Therefore, Movant's above claim is procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

28 U.S.C. § 2255(f).

The Fourth Circuit affirmed Movant's conviction and sentence on August 30, 2002, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (November 29, 2002).[5] On January 12, 2012, nearly eight years and two months after the one year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 5:01-00004. (Document Nos. 756 - 758.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.

First, Petitioner appears to argue that Section 2255(f)(4) applies because he obtained "newly discovered evidence, not previously discoverable by due diligence."[3] Specifically, Movant explains that prior State charges used to enhance his sentence were dismissed by the State on August 30, 2001. Movant appears to contend that the dismissal of the State charges is newly discovered evidence because the charges were dismissed "17 days after sentencing occurred for his federal conviction." (Document No. 763, p. 2.) The undersigned finds that Section 2255(f)(4) is inapplicable because the date of the dismissal of Movant's State charges is not the "latest" date from which the

---

[5] Although Movant's sentence was reduced pursuant to 18 U.S.C. § 3582(c) on January 19, 2010, the undersigned finds that Movant's conviction and sentence became final on November 29, 2002. Title 18 U.S.C. § 3582(b) provides that notwithstanding the fact that a sentence can be modified pursuant to subsection (c), corrected pursuant to Rule 35, or modified pursuant to section 3742, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *also see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001)(stating that "Congress did not intend for Fed. R. Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes"); *Potter v. United States*, 2007 WL 749674 (E.D.Va. Mar. 5, 2007)(rejecting "petitioner's argument that his conviction did not become final until disposition of the government's Rule 35(b) motion for a reduction petitioner's sentence").

[3] In support of Section 2255 Motion, Movant cites *United States v. Brown*, 408 Fed.Appx. 759 (4th Cir. 2011). In *Brown*, the Fourth Circuit sets forth the standard for obtaining authorization to file a successive Section 2255 Motion. *Id.* The undesigned notes that *Brown* is inapplicable to Movant's case as this is Movant's first Section 2255 Motion.

limitation period could run. Using Section 2255(f)(4), the limitation period would begin to run on August 30, 2001.[4] Using Section 2255(f)(1), the limitation period would begin to run on November 29, 2002, the date his conviction became final. Accordingly, Petitioner's above claim is without merit because the date on which his judgment of conviction became final (November 29, 2002) is the "latest" date the limitations period could begin to run. See 28 U.S.C. 2255(f)(1).

Next, Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief "based on a new rule of constitutional law, previously unavailable, made retroactive." (Document No. 763, p. 3.) Specifically, Movant contends that he is entitled to resentencing based upon the Fair Sentencing Act of 2010 ["FSA"]. (Id.) The Fourth Circuit, however, has held that the FSA is not retroactively applicable to individuals sentenced before its enactment. United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011)("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactively, nor can any such intent be inferred from its language.") Subsequently, the United States Supreme Court issued its opinion in Dorsey v. United States, holding that the FSA may be applied retroactively to an individual whose crime occurred before FSA passage but whose sentencing occurred after its passage. Dorsey v. United States, ____ U.S. ___, 132 S.Ct. 2321, 2331, 183 L.Ed.2d 250 (2012). Although the holding in Bullard was modified by Dorsey concerning individuals who committed a crime prior to the enactment of the FSA and were sentenced after the FSA's enactment, there was no modification concerning individuals who committed a crime and were sentenced prior to the enactment of the FSA. See

---

[4] As an Exhibit, Movant attaches a letter dated October 4, 2001, from the Raleigh County Prosecuting Attorney's Office stating that the State charges were dismissed on August 30, 2001. (Document No. 763, p. 6.) Even assuming Movant was not aware of the dismissal of the State charges until October, 2001, Section 2255(f)(4) is inapplicable because this date is not the "latest" date from which the limitation period would run.

United States v. Allen, 716 F.3d 98, 106 (4th Cir. 2013)("[T]he Fair Sentencing Act . . . applies to all sentences imposed after its enactment [August 3, 2010], regardless of when the underlying crime was committed. Thus, our holding in *Bullard* – that the Fair Sentencing Act does not have retroactive effect – is limited to the extent that the Fair Sentencing Act *does* apply to all sentences handed down after its enactment."); United States v. Belt, 2013 WL 1715577 (4th Cir. 2013)("*Dorsey* did not alter this court's prior holding that the FSA does not apply retroactively to defendants sentenced prior to its effective date."); also see United States v. Newman, 568 Fed.Appx. 246 (4th Cir. 2014)("FSA does not apply retroactively to defendants originally sentenced prior to August 3, 2010"). In the instant case, Movant clearly committed the underlying offense and was sentenced prior to the enactment of the FSA. Movant, therefore, does not qualify for retroactive application the FSA. See United States v. Duty, 2013 WL 3873076 (W.D.Va. July 25, 2013)(dismissing defendant's Section 2255 claim after finding that "pre-FSA sentenced defendants are not eligible for the application of the FSA"); Allen v. United States, 2013 WL 1247658 (D.Md. March 25, 2013)(denying Section 2255 relief where defendant committed his crime and was sentenced prior to the passage of the FSA); Newby v United States, 2013 WL 7098720 (E.D.N.C. March 19, 2013)(denying Section 2255 Motion where "Petitioner committed his crimes and was sentenced prior to the FSA's effective date"). The undersigned, therefore, finds that Section 2255(f)(3) is inapplicable as Movant has not established a right newly recognized by the Supreme Court that is retroactively applicable on collateral review. Based on the foregoing, the undersigned finds that Movant's Section 2255 Motion is clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation

period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of

9

the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.[5]

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motions Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 756, 757, 758 and 763) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the

---

[5] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody and began serving his term of supervised release on March 7, 2014.

Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: October 8, 2014.

R. Clarke VanDervort
United States Magistrate Judge